UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GRADIANNE RUSSELL,

                          Plaintiff,

        -vs-                                      07-CV-311C(SR)

ANDREW W. HARTWEG,
CBJ CREDIT RECOVERY, and
CREDIT BUREAU OF JAMESTOWN, INC.

                          Defendants.

---

## INTRODUCTION

Plaintiff commenced this action on May 10, 2007 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Item 1. Specifically, plaintiff alleges that she incurred a medical bill, defaulted on that bill, and received a letter from defendants attempting to collect the debt. Upon receipt of the letter, plaintiff "became confused and did not understand the amount due on the subject debt." Item 1, ¶ 16. She alleges that the statements contained in the letter violate § 1692g(a)(1) of the FDCPA. *Id.,* ¶ 18. In lieu of an answer, defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Item 7. Defendants argue that the notification letter to plaintiff clearly sets forth that plaintiff owed the Community Health Center of Buffalo $440.00. *Id.* For the reasons that follow, the defendants' motion is denied.

## FACTS

According to the complaint, plaintiff incurred a medical bill to the Community Health Center of Buffalo and defaulted on the bill. Item 1, ¶¶ 8, 11. Community Health Center of

Buffalo hired defendants to attempt to collect the debt. *Id.,* ¶ 12. On October 10, 2006, defendants mailed a letter to plaintiff demanding payment of the debt. *Id.,* ¶ 13. A copy of the letter is appended to defendants' motion as Exhibit B.

The letter, dated October 10, 2006, references a case number, the creditor, and a list of account amounts, which add up to the "total" amount of $440.00. The letter also provides as follows:

> This courtesy notification is to inform you that your delinquent account(s) has/have been placed with our office for collection. In some cases, circumstances may have prevented you from receiving a previous bill. In this situation, we apologize for the inconvenience. If the amount due is paid in full, all collection activity will be stopped. *If this account is already a judgement, interest at 9% will be added.* (Emphasis added).

The letter continued:

> This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will: obtain verification of the debt or a copy of a judgment and mail it to you, and/or provide you with the name and address of the original creditor if different from the current creditor.

Item 7, Exh. B.

Plaintiff alleges that upon reading the letter, she "became confused and did not understand the amount due on the subject debt, whether a judgment had been entered against her, whether all payments she had made on the account had been credited, or whether interest was to [sic] added to the account balance." Item 1, ¶ 16.

## DISCUSSION

In the context of a motion to dismiss, the court must assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party.

*Watts v. Services for the Underserved*, 2007 WL 1651852, *2 (E.D.N.Y. June 6, 2007). The court must insure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. *See Brass v. Amer. Film Techn., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Watts,* 2007 WL 1651852, at *2.

The FDCPA was created in an attempt to stop abusive and deceptive practices by third-party debt collectors and to insure that those who refrain from such practices are not competitively disadvantaged. *See* 15 U.S.C. § 1692(e). The FDCPA requires that the debt collector send a written validation notice to the consumer containing the following information: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer disputes the validity of the debt within 30 days of receipt of the written notice, the debt will be assumed to be valid; 4) a statement that if the consumer notifies the debt collector that the debt is disputed, the debt collector will obtain and provide to the consumer verification of the debt or a copy of a judgment; and 5) a statement that upon the consumer's written request, the debt collector will provide the name and address of the creditor if it differs from the original creditor. 15 U.S.C. § 1692g(a)(1)-(5). Additionally, § 1692e(2) prohibits the "false representation of . . . the character, amount, or legal status of any debt," and § 1692f is a general prohibition of the use of "unfair or unconscionable means to collect or attempt to collect any debt." When evaluating the adequacy of the validation notice, the court must consider how it would be

perceived by the "least sophisticated consumer." *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) ("The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."). Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication. *See Rabideau v. Management Adjustment Bureau,* 805 F. Supp. 1086, 1093 (W.D.N.Y. 1992). As a result, even if the collection letter contains the required information, there may still be a violation of the FDCPA if the information is conveyed in a confusing or contradictory manner so as to cloud the required communication with uncertainty. *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2d Cir. 2001); *Bascom v. Dubin*, 2007 WL 210387, *2 (W.D.N.Y. January 25, 2007).

Here, plaintiff argues that the letter did not clearly state the amount of the debt because it stated that if the account had already been reduced to a judgment, interest would be added at a rate of 9 percent. Plaintiff contends that she was not able to ascertain whether a judgment had been entered, whether 9 percent interest would be added to the amount due, or the effective date of any judgment. As such, the validation notice left open two possibilities–either the amount was $440.00 or, if a judgment had been obtained, it was $440.00 plus 9 percent interest from an unspecified date. *See* Item 9, p. 4. Plaintiff also argues that it was unclear from the notice whether the debt had been paid in part or in full without defendant's knowledge, in which case the amount due would be something less than $440.00.

The least sophisticated consumer would not know from this validation notice whether a judgment had been entered. Indeed, from the use of the phrase "[i]f this

account is already a judgement," it is apparent that defendants were likewise not aware of the legal status of the account. If no judgment had been entered, the only debt defendants were authorized to collect was the $440.00 stated in the validation notice. But the notice went on to state a condition that may or may not have occurred. Thus, the notice provided two different amounts of the debt, either $440.00 or $440.00 plus interest.

In *McDowall v. Leschack & Grodensky, P.C.*, 279 F.Supp.2d 197, 198 (S.D.N.Y. 2003), the validation notice sought repayment of credit card debt in the amount of $2,942.27 plus an indeterminate amount of "interest and attorney's fees." The court found a violation of the FDCPA. "By leaving an indeterminate amount of interest in the balance due, a collection letter leaves the least sophisticated consumer unsure of the magnitude of the debt." *Id.* at 200; *see also Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 305 (E.D.N.Y. 2008) (debt collection notice setting forth two different amounts with respect to the amount of the debt owed violates § 1692g). Similarly, in *Kolganov v. Phillips & Cohen Assoc., Ltd.*, 2004 WL 958028 (E.D.N.Y. April 08, 2004), the validation notice provided that the balance due did "not include the most recent charges assessed, any applicable over the limit fees, or your most recent daily interest charges." The court found a violation of section 1692g as the description of the amount was "contradictory, and not clearly conveyed . . . ." *Id.* at *3.

Here, the validation notice did not clearly convey the amount of the debt. The least sophisticated consumer would not know whether she owed $440.00 or another amount that included interest. Accordingly, plaintiff has stated a claim under 15 U.S.C. § 1692g.

## CONCLUSION

The defendants' motion to dismiss is denied.  A telephone conference shall be held with counsel on June 10, 2008, at 10:30 a.m.  The court will initiate the call.

So ordered.

_____\s\ John T. Curtin\_\_
JOHN T. CURTIN
United States District Judge

Dated:   May  19  , 2008
p:\opinions\07-311.may808